ROBERT E. WEAVER, complainant,

*v.*

HARRY KRECHMER et al., defendants.

[Decided March 14th, 1930.]

*Mr. William Charlton,* for the complainant.

*Messrs. Thompson & Hanstein,* for the defendant Atlantic Guaranty and Title Insurance Company.

*Mr. Ulysses G. Styron,* for the defendants Harry H. Krechmer, Meyer Krechmer, Max Krechmer, Ellis Krechmer, Eva Krechmer, Hessie Krechmer, Abe Krechmer, Katie Krechmer, Mary Pearlman and Robert C. Pearlman.

INGERSOLL, V. C.

The complainant alleges that on the 3d day of April, 1928, he recovered a judgment against the defendant Harry H. Krechmer, for the sum of $791.45 and costs in the amount of $59.82; that he has been unable to levy upon any property of the defendant and that the execution issued upon said judgment was returned unsatisfied.

That on September 14th, 1926, Harry H. Krechmer, together with his brothers and sisters, conveyed to their mother,

Katie Krechmer, for the express consideration of one dollar and other good and valuable consideration, the premises described in the complainant's bill; that Harry H. Krechmer's interest therein was an undivided one-seventh part thereof, subject to the mother's dower interest. There was no consideration for this conveyance except that all the children, at the death of the father, conveyed their interest in the property left by the father to the mother.

It has been held ever since 1798 that a voluntary conveyance from a father to his children, without any other consideration than natural affection, made at the time he is indebted, is fraudulent, as against creditors. *Den* v. *De Hart, 6 N. J. Law 450*. The same rule applies where a son conveys to a parent.

The only other question is, therefore, did the defendant Krechmer, at the time of the conveyance, owe Weaver the debt upon which the judgment was founded? It is manifest that he did. On January 23d, 1926, by written agreement, he agreed to convey to the complainant certain lands and premises on the first of September, 1926, and in the event he should be unable to perform the covenants of said agreement, he should repay the sum which the complainant had paid him, which was $750.

A decree must be advised in favor of the complainant, decreeing that the said conveyance, in so far as Harry H. Krechmer is concerned, shall be set aside.